Thomas M. Stark, J.
Petitioner proceeds apparently by way of an article 78 proceeding (there appears to be no other jurisdictional basis for the application) to prohibit the respondent Board of Education from conducting a disciplinary hearing relative to petitioner’s conduct while the petitioner is under criminal charges based upon the same conduct. Petitioner argues that to defend herself in the disciplinary hearing, she will have to testify *766 and, therefore, her right to remain silent in the criminal proceeding will be abrogated.
The Court of Appeals has held that it would be an improper exercise of discretion to grant such a prohibition since the courts may not assume that administrative bodies will violate the rights of individuals in administrative hearings; if rights are violated, the individual’s remedy lies in review of the determination. The Board of Education will, therefore, not be prohibited from conducting the hearing. (Oleshko v. New York State Liq. Auth., 29 A D 2d 84, affd. 21 N Y 2d 778. Cf. Langemyr v. Campbell, 21 NY 2d 796.)
Petitioner also seeks to compel the respondent to supply a bill of particulars to the charge. The notice of charge which was sent to petitioner and her parents would be factually sufficient if contained in a long-form information. The Education Law (§ 3214, subd. 6, par. c) requires that petitioner have “ an opportunity for a fair hearing, upon reasonable notice ”. The notice of charge given to the petitioner gives her such an opportunity.
The petition is, therefore, dismissed in all respects.