■ In the Matter of BOARD OF EDUCATION OF THE MILLBROOK CENTRAL SCHOOL DISTRICT, Appellant, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered June 8, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education which held that petitioner had exceeded its authority in suspending a student. In this CPLR article 78 proceeding, petitioner seeks an order annulling a determination of respondent Commissioner of Education which, *inter alia,* directed petitioner to reinstate Otto Pollnow to "regular classroom attendance". On April 27, 1981, Otto Pollnow, a high school student at Millbrook Central School, was suspended from attendance therein by the building principal. The reason given for that suspension was an alleged assault upon a woman at her home on April 22, 1981, during a school vacation. The victim of the assault was neither a student nor an employee of the school district. Criminal charges were also brought against Otto Pollnow in connection with this incident. Petitioner commenced a disciplinary hearing on May 1, 1981. That hearing, however, was apparently conducted without proper notice and the board, therefore, rescheduled the hearing. On May 22, 1981, Otto Pollnow's parents commenced an appeal to the commissioner. The Pollnow's petition sought a stay of disciplinary proceedings pending a determination of the criminal matter and an order permitting Otto Pollnow to attend classes. While this application was pending, the board conducted a hearing. Thereafter, on June 8, 1981, Otto Pollnow was suspended for the remainder of the

1980-1981 school year and the first semester of the 1981-1982 school year. On June 15, 1981, the commissioner issued an "interim" order granting the Pollnow's petition. On October 30, 1981, after receiving the board's decision, the commissioner issued a final determination which ordered Otto Pollnow's reinstatement. Petitioner then commenced the instant CPLR article 78 proceeding. Special Term dismissed the proceeding and this appeal ensued. There must be an affirmance. First, contrary to petitioner's assertion, this court may not substitute its judgment for that of the commissioner unless his decision is arbitrary and capricious or lacks a rational basis (*Matter of Gundrum v Ambach,* 55 NY2d 872; *Matter of Kelley v Ambach,* 83 AD2d 733). In this case, the commissioner concluded that while: "Education Law § 3214(3) provides that a student may be suspended if the student is insubordinate or disorderly or his conduct endangers the safety or welfare of other students (citation omitted). *The statute is not meant to empower school officials to punish students for actions which have no connection with their school,* as I find [the board of education] has done in this instance" (emphasis added). We are unable to conclude that the commissioner's determination was without a rational basis (see *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 281). We note in conclusion that the commissioner's final order of October 30, 1981 rendered moot his interim order of June 15, 1981. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.