OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to petitioner, to remit the matter to Supreme Court, Albany County, with direction to remand to the Commissioner of Education for revision of the directives contained in his decision dated October 14, 1981 so as to order the choice of a replacement chairman of the panel and the conduct of new hearings in conformity with this memorandum, and, as so modified, affirmed.
The authority of the Commissioner of Education to review the findings of a hearing panel under section 3020-a of the Education Law, includes the right to annul the decision of the panel on the ground of bias or partiality of the panel chairman (Education Law, § 3020-a, subd 5; cf. § 310; Matter of Shurgin v Ambach, 56 NY2d 700, 702). The standard by which the determination of the commissioner in the exercise of such authority is to be judged on judicial review is whether his determination “was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803, subd 3). The operative test in this instance is whether the commissioner’s determination to annul the decision of the hearing panel was arbitrary and capricious.
*688 His determination was made on the ground that, during the course of the proceedings before the panel, its chairman accepted a remunerative position with the New York State United Teachers (NYSUT) as one of eight arbitrators available to hear disputes between NYSUT and its professional employees, without disclosure thereof to the board of education until subsequent to the close of the hearings. This employment, coupled with the circumstance that counsel for NYSUT represented the teacher at the hearings, was found to raise a sufficient question as to the impartiality of the chairman (or the appearance thereof) as to warrant vacatur of the decision of the panel. Although no direct relationship between the chairman and one of the parties to the proceeding was revealed, there was shown to have been an undisclosed connection between the chairman and counsel for the teacher. This connection alone, without any showing of actual partiality or impropriety on the part of the chairman (of neither of which is there any suggestion in this record), constituted a rational basis for the commissioner’s action. Accordingly, his determination of annulment was not arbitrary or capricious and must be sustained.
The commissioner had no authority, however, to impose the prescriptions that he did on the further conduct of the hearings. Specifically, he had no authority to direct the selection of the new chairman of the panel by the parties; the statute mandates that the third member of the panel shall be chosen by mutual agreement of the other two panel members (Education Law, § 3020-a, subd 3, par c; cf. 8 NYCRR 82.10 [f]).
Additionally, inasmuch as portions of the evidence at the hearings consisted of conflicting testimony of live witnesses, the credibility and persuasive force of which testimony might not be susceptible to adequate evaluation on the basis of a reading of the transcript only, it was an abuse of discretion, in view of the key role played by the chairman of the hearing panel as its only impartial member, to order the determination of the reconstituted panel to be based only “upon the record already established”. This is not to say that portions or all of the transcript of the first hearings cannot be employed by the new panel in making *689 its determination; it is to say only that, absent agreement of the parties and the new chairman, the commissioner cannot order that the consideration of the new panel be confined to the record already established.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order modified, with costs to petitioner, and matter remitted to Supreme Court, Albany County, with directions to remand to the commissioner for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.