■ In the Matter of BOARD OF EDUCATION OF MONTICELLO CENTRAL SCHOOL DISTRICT, Petitioner, v COMMISSIONER OF EDUCATION et al., Respondents. [652 NYS2d 412] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Education which sustained the appeal of respondents Jeffrey Herzog and Miriam Herzog and expunged all references to the suspension of their son from his school records.

Josh Herzog, a student at Monticello High School in the Village of Monticello, Sullivan County, was charged with conduct endangering the safety, health or welfare of others (Education Law § 3214 [3] [a] [1]). This charge arose out of the dissemination of an obscenity-filled publication called the "Sub Station". An article in the newspaper entitled "Jac of Hearts" called upon students, *inter alia*, to urinate on the floors, throw garbage in the courtyard, scrawl graffiti on school walls and smoke in the bathrooms. The article also noted that the student population at Monticello High School was almost 1,000 strong and that "[n]ot even the police can handle a crowd of this size".

A hearing on the charges was conducted pursuant to Education Law § 3214 (3) (c). The parties stipulated that the Hearing Officer should consider only the "Jac of Hearts" article in determining whether Josh was guilty of the charge brought against him. Assistant Principal Ivan Katz testified that on January 13, 1995, he came into possession of the publication and questioned Josh about it. Josh stated that he had produced and printed the newspaper on a home computer, had written certain of the articles and had brought copies of the newspaper to school. Katz also testified that Josh had told him that he had distributed copies of the newspaper. Josh was not called to testify.

The Hearing Officer found that the evidence presented at the hearing supported a finding that Josh had participated "in the publication and distribution on school grounds of an unauthorized newspaper containing vulgar language and calling for

the destruction of school property and for acts of insubordination". He recommended that Josh be suspended for five days, in addition to the five-day suspension already imposed by the Principal of Monticello High School. The District Superintendent reviewed the Hearing Officer's recommendations and adopted them in full. Petitioner upheld the Superintendent's determination. Respondents Jeffrey Herzog and Miriam Herzog, Josh's parents, have sued the District for $1 million as the result of this incident.

Respondent Commissioner of Education sustained the administrative appeal brought by the Herzogs. The Commissioner concluded that Josh had not been afforded due process because the charge for which he was disciplined did not give him fair notice of the issues that would be raised at the hearing and because the Hearing Officer's determination of guilt was not supported by the record. This proceeding ensued.

The Commissioner's determination must be annulled. It is axiomatic that the decision to suspend a student from school must be based on competent and substantial evidence that the student participated in the objectionable conduct (*see, Appeal of Lewis*, 33 Ed Dept Rep 520, 522). It is also well settled that the evidence against a party in an administrative proceeding may consist entirely of hearsay (*see, Matter of Hirsch v Corbisiero*, 155 AD2d 325, *lv denied* 75 NY2d 708). There is evidence in the record that Josh admitted to having brought the papers onto school property and to having distributed them. Eight to 10 copies of the newspaper were seized by the school. As to the issue of record support for Josh having distributed the papers *on school property*, we find that the proof in this case is " 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181, quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 273).

In light of the overwhelming evidence of guilt and the severity of the charges established before the Hearing Officer, it was arbitrary and capricious for the Commissioner to sustain the appeal (*see, Matter of Conley v Ambach*, 61 NY2d 685, 687). To do anything less than annul the Commissioner's determination would require us to ignore the clear import of the testimony at the hearing and to impose a level of precision in school disciplinary proceedings never contemplated by the Legislature (*see, State Dept of Educ Mem*, 1969 McKinney's Session Laws of NY, at 2411).

Similarly, the Commissioner erred in finding that the charge herein did not give Josh fair notice of the conduct that would

be the subject of the hearing. "While it is not necessary that the charges in a student disciplinary proceeding be as specific as those required in a criminal proceeding, they must, nevertheless, be sufficiently specific to advise the student and his counsel of the activities or incidents which have given rise to the proceeding and which will form the basis for the hearing" (*Matter of Curtis*, 16 Ed Dept Rep 15, 16; *see, Matter of Rose*, 10 Ed Dept Rep 4, 5). The instant charge indicated specifically that it arose out of the preparation, dissemination and/or distribution of a newspaper-type publication calling for destruction of property and insubordination. We find that this language adequately placed Josh and his parents on notice as to the nature of the conduct that would be addressed at the hearing.

To the extent that the Herzogs' claim that Josh's suspension violates his 1st Amendment rights, this argument is without merit. Although the US Supreme Court has recognized that "[n]either students [n]or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate" (*Tinker v Des Moines School Dist.*, 393 US 503, 506), it has also held that the 1st Amendment rights of students " 'are not automatically coextensive with the rights of adults in other settings' " (*Hazelwood School Dist. v Kuhlmeier*, 484 US 260, 266, quoting *Bethel School Dist. No. 403 v Fraser*, 478 US 675, 682) and that "[a] school need not tolerate student speech that is inconsistent with its 'basic educational mission' * * * even though the government could not censor similar speech outside the school" (*supra*, at 266 [citation omitted]). The test is whether the school authorities have reason to believe that such expression will "substantially interfere with the work of the school or impinge upon the rights of other students" (*Tinker v Des Moines School Dist.*, *supra*, at 509; *see, Matter of Panarella v Birenbaum*, 32 NY2d 108, 118). On the record here, we conclude that school officials could reasonably have found that the article constituted a "threat or forecast of material and substantial disruption within the school" (*Thomas v Board of Educ.*, 607 F2d 1043, 1052, n 17, *cert denied* 444 US 1081). Indeed, Katz testified at the hearing that he was scared when he read the newspaper because he simply did not know how the students would react to the article in question. Any other finding by this Court would require us to ignore the plain language of the publication at issue.

We have considered the remaining arguments contained in the Herzogs' brief and find them to be without merit.

Cardona, P. J., Mikoll and Spain, JJ., concur.

Yesawich Jr., J. (dissenting). I respectfully dissent and vote to confirm the determination of respondent Commissioner of Education. As the majority implicitly recognizes, it is the Commissioner's determination that is under review, not that of the Hearing Officer (*see, Matter of Strongin v Nyquist*, 44 NY2d 943, 945, *cert denied* 440 US 901), and the former may only be annulled if it is found to be arbitrary and capricious, or without a rational basis (*see, Matter of Conley v Ambach*, 61 NY2d 685, 687-688; *Matter of Board of Educ. v Ambach*, 96 AD2d 637, 638, *lv denied* 61 NY2d 603). Accordingly, the determination must be confirmed unless the hearing evidence is so devastating that no rational person could conclude that the party charged was other than guilty. Inasmuch as the evidence the majority relies upon to establish that Josh Herzog actually distributed any papers on school grounds (as the Hearing Officer found) is subject to differing interpretations, the proof of his guilt is, in my judgment, far from compelling. Concededly, the hearing testimony might admit of an inference that distribution occurred on school grounds, but that is not dispositive; what is dispositive is that the evidence can also, quite reasonably, be considered as not supporting that aspect of the Hearing Officer's decision. There being a reasonable view of the evidence underlying the Commissioner's determination, it cannot be said to be irrational, and therefore must be sustained.

Nor was the Commissioner's finding vis-à-vis the due process issue arbitrary and capricious. The charges preferred against Josh alleged only that he had prepared and/or distributed the offensive newspaper, acts that he did not deny having performed; as a consequence, his defense was necessarily premised on the contention that those actions were protected by the 1st Amendment. Had he been informed that the Hearing Officer would consider an unalleged additional fact—namely, that the distribution had taken place on school grounds—which arguably changed the applicable legal standard (*see, Hazelwood School Dist. v Kuhlmeier*, 484 US 260, 266), his defense would likely have been markedly different, focused perhaps on proof negating that fact rather than on the aforementioned constitutional argument. Inasmuch as the charges did not apprise Josh that it was conduct on school grounds, as opposed to that occurring elsewhere, that was at issue, it was not irrational for the Commissioner to conclude that he was not given fair notice of the activities for which he was to be disciplined.

Adjudged that the determination is annulled, on the law, without costs, petition granted and decision of the Superintendent of the Monticello Central School District reinstated.