OPINION OF THE COURT
Chief Judge Kaye.
Pivotal to determination of an appeal from an order of the Commissioner of Education annulling the suspension of a high school student was the adequacy of notice of the charges given by school officials to the student. We conclude, as did the Appellate Division, that the notice was legally sufficient.
On January 17, 1995, Monticello Central School District officials notified appellant Josh Herzog, a high school senior, that, in accordance with Education Law § 3214 (3), they were seeking to suspend him for engaging in "conduct endangering the safety, health or welfare of others.” The notice charged that, "on or about January 13, 1995, and on the days preceding that date, [he] did participate in preparation and/or distribution and/or dissemination of a newspaper type publication calling for destruction of property and insubordination.” The notice further specified that a hearing would be conducted and that appellant had the right to be represented by counsel, to question any witnesses testifying against him, and to present witnesses and evidence on his own behalf.
Appellant, who was represented by counsel throughout the hearing, did not himself testify or call witnesses to refute the evidence against him. The hearing essentially consisted of the testimony of Assistant Principal Ivan Katz, who was extensively cross-examined by appellant’s counsel. According to Katz, on January 13, 1995, he questioned appellant about "Sub Station,” a non-school-sponsored publication that had been found on school grounds. As Katz testified, appellant admitted to him that, after producing the newspaper on a home computer, appellant made copies of the paper, brought them to school and distributed them. Katz further testified that he did not ask appellant where or to whom the papers had been distributed, but that 8 to 10 copies were recovered from school classrooms and the cafeteria.
During the hearing, the parties stipulated that, in determining whether appellant was guilty of the charges against him, the Hearing Officer should consider only one article, "Jac of *138 Hearts,” which called upon students to urinate on the floors, throw garbage in the courtyard, scrawl graffiti on school walls and smoke in the bathroom. The article further stated that the student population at the high school was almost 1,000 strong and that not "even the police can handle a crowd of this size.” "Let’s make them dread coming to this building, like we do. Let’s show them that they can’t treat generation f*** you like sh** anymore and plan on getting away with it. If you’re not enraged, then you’re not paying attention.” Katz testified that he believed the paper called for destruction of school property and for insubordination toward the school administration, and that its dissemination could have endangered the safety, health and welfare of others.
The Hearing Officer held that the evidence supported a finding that appellant participated "in the publication and distribution on school grounds of an unauthorized newspaper containing vulgar language and calling for the destruction of school property and for acts of insubordination.” He recommended that appellant be suspended for five days in addition to the five-day suspension previously imposed by the Principal. The District Superintendent adopted the Hearing Officer’s recommendations in full, and the Board of Education upheld that determination.
Appellant and his parents appealed to the Commissioner of Education, who sustained their appeal. The Commissioner held that appellant had not been afforded due process because the charge for which he was disciplined did not give him fair notice of the issues that would be raised at the hearing and because the determination of guilt was not supported by the record. The Appellate Division, one Justice dissenting, annulled the Commissioner’s determination on the law, granted the petition and reinstated the Superintendent’s decision. The court held that the language of the charge adequately placed appellant and his parents on notice as to the nature of the conduct that would be addressed at the hearing, and that the proof of guilt was so overwhelming that it was arbitrary and capricious for the Commissioner to sustain their appeal. The dissent concluded that a reasonable view of the evidence supported the Commissioner’s determination and that appellant had not been given due notice. We now affirm.
Discussion
We review separately each of the Commissioner’s conclusions supporting his determination — first, that appellant did *139 not receive adequate notice and, second, that the finding of guilt was not supported by the record. The standard of review is, of course, whether the Commissioner’s determination overruling appellant’s suspension was arbitrary and capricious, lacked a rational basis or was affected by an error of law (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758; Matter of Gundrum v Ambach, 55 NY2d 872, 873; Matter of Board of Educ. v Ambach, 96 AD2d 637, Iv denied 61 NY2d 603; see also, Education Law § 310).
Notice Was Legally Sufficient
Central to the Commissioner’s determination was his belief that appellant had not been afforded due process because the charges for which he was disciplined failed to specify that he was accused of distributing the newspaper on school grounds. As such, the Commissioner concluded, appellant was not given fair notice of the issues that would be raised at the hearing. That conclusion was affected by an error of law.
Because students have a constitutionally protected interest in public education, when facing suspension they must at a minimum "be given some kind of notice and afforded some kind of hearing” (Goss v Lopez, 419 US 565, 579). Under New York statutory law, students threatened with suspension for periods in excess of five days must be afforded the opportunity for a fair hearing, upon "reasonable notice,” as well as the right to secure counsel, to confront and cross-examine witnesses who testify against them, and to present evidence and call witnesses on their own behalf (Education Law § 3214 [3] M).
What constitutes "reasonable notice” obviously varies with the circumstances of each case. In essence, students are entitled to fair notice of the charges against them so that they can prepare and present an adequate defense (Matter of Block v Ambach, 73 NY2d 323, 332; Matter of Fitzgerald v Libous, 44 NY2d 660, 661; Matter of Rose, 10 Ed Dept Rep 4, 5; Matter of Curtis, 16 Ed Dept Rep 15, 17). While school officials need not particularize every single charge against a student, notice that merely repeats the relevant language of Education Law § 3214 (3) (a), or sets forth conclusory assertions that a student violated school rules or disrupted school activities, is not "reasonable” because it fails to provide the student with enough information to prepare an effective defense (Matter of Rose, 10 Ed Dept Rep at 5, supra).
Although student disciplinary hearings are serious and adversarial in nature, students are not entitled to the procedural *140 protections of a criminal trial (see, e.g., Matter of Block v Ambach, 73 NY2d 323, 333, supra). The specificity required for criminal indictments is not warranted in school administrative proceedings, where the consequences are not as grave and double jeopardy is not a consideration (id., at 332-333; Matter of Manigaulte, 63 Misc 2d 765, 766). The charges in a student disciplinary proceeding need only be "sufficiently specific to advise the student and his counsel of the activities or incidents which have given rise to the proceeding and which will form the basis for the hearing” (Matter of Rose, 10 Ed Dept Rep at 5, supra). As long as students are given a fair opportunity to tell their side of the story and rebut the evidence against them, due process is served.
Here, the notice identified the time, date and place of appellant’s hearing, as well as his right to be represented by counsel, to present evidence, and to confront and cross-examine witnesses. The notice also apprised appellant of the particular misconduct that was to be the subject of his disciplinary hearing, alleging that on or around January 13th, appellant had "participate^] in the preparation and/or distribution and/or dissemination of a newspaper type publication calling for destruction of property and insubordination.” This notice plainly gave appellant a fair opportunity to tell his side of the story and rebut the evidence against him.
The Commissioner and the Appellate Division dissenter erroneously believed that appellant was denied due process because the notice he was given failed to specify that distribution occurred on school grounds (235 AD2d 734, 737). Due process did not require such specificity. Moreover, appellant’s argument before the Hearing Officer did in actual fact focus on the legal standard applicable to non-school-sponsored, on-campus speech: that such speech is punishable only if it reasonably leads school officials to "forecast,” or it actually causes, a "substantial disruption of or material interference” with the " 'requirements of appropriate discipline in the operation of the school’ ” (Tinker v Des Moines School Dist., 393 US 503, 512-514; Hazelwood School Dist. v Kuhlmeier, 484 US 260, 270-273). Appellant’s argument regarding the sufficiency of notice thus was not only wrong on the law but also immaterial on the facts.
The Evidence Was Legally Sufficient
The decision to suspend a student must be based on competent and substantial evidence that the student actually *141 participated in the conduct charged, but the burden of proof and evidentiary rules imposed in a school disciplinary proceeding are not as stringent as in a formal trial (Appeal of Lewis, 33 Ed Dept Rep 520, 522; Matter of Chitty, 12 Ed Dept Rep 282, 283). In a school disciplinary proceeding the evidence may consist of hearsay, and reasonable inferences drawn by a Hearing Officer will be sustained if the record supports the inference (Matter of Gordon v New York Life Ins. Co., 300 NY 652; Matter of Payne, 18 Ed Dept Rep 280, 283; Matter of Hirsch v Corbisiero, 155 AD2d 325, Iv denied 75 NY2d 708).
Here, there was clear evidence that appellant produced and printed the paper on his home computer, that he brought copies to school, that he distributed the paper, and that 8 to 10 copies were found in the school’s classrooms and the cafeteria. Indeed, argument centered not on whether appellant distributed the paper but on whether the publication could possibly have threatened or caused disruption within the school.
The Commissioner’s conclusion that the record did not support a determination of guilt can be attributed to oversight. His assertion that the record did not contain "evidence that [appellant] distributed the papers anywhere, let alone on school grounds” is explicitly contradicted by Katz’s unimpeached testimony that appellant admitted to distributing the paper. Failure to take note of that evidence likely also led the Commissioner to conclude that "there was no evidence linking [appellant] with the actual distribution of [the] papers” found in the school’s cafeteria and classrooms. As such, the Commissioner’s conclusion, which was based on an erroneous assumption regarding the record evidence, lacked a rational basis.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
Judgment affirmed, with costs.