[741 NYS2d 589]

In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, Respondent, and L.C. (1) et al., Appellants.

Third Department, April 18, 2002

### APPEARANCES OF COUNSEL

*Seth Grossman, Bronx Legal Services,* New York City, for appellants.

*Michael A. Cardoza, Corporation Counsel,* New York City (*Ellen Ravitch* of counsel), for Board of Education of the City School District of the City of New York, respondent.

### OPINION OF THE COURT

MUGGLIN, J.

The sole issue raised on this appeal is whether Supreme Court appropriately declared that the standard of proof commonly used in public school student suspension hearings does not violate the student's constitutional right to due process. The parties to this appeal agree that school suspensions and expulsions implicate liberty and property interests of the student and, therefore, require the protections afforded by constitutional due process of law (*see, Goss v Lopez*, 419 US 565, 573-575). Because the student has such a protected interest, the question distills to whether or not substantial and competent evidence is a constitutionally permissible standard of proof. Respondents L.C. (1) and L.C. (2), the suspended student and his mother (hereinafter collectively referred to as respondents), argue that since substantial evidence is the standard used for appellate review of administrative determinations, the standard employed at the hearing should be not less than a preponderance of the evidence.

In *Mathews v Eldridge* (424 US 319), the US Supreme Court, recognizing that due process is a flexible concept requiring different levels of protection for different circumstances, enunciated three factors which must be balanced when deciding whether due process requirements have been satisfied. Those factors are (1) the private interest affected by the state's action, (2) the risk of an erroneous deprivation of that interest through the procedures used and the probable value, if any, of additional safeguards, and (3) a consideration of the government's interest (*see, id.* at 335). The latter two are germane to this case since the parties agree that a student has property and liberty interests worthy of protection and the government has an interest in providing a safe and orderly environment—maintained by necessary discipline—in which students and staff may learn and work without disruption. The major thrust of respondents' position is that since a student's interests are paramount to those of the government in the educational setting, the use of the substantial and competent evidence stan-

dard at student suspension hearings creates an unacceptable risk of erroneous deprivation of those interests.*

First, although the due process deprivation claim made herein has not been specifically addressed to this point, appellate courts in this state have uniformly held that the competent and substantial evidence standard of proof is appropriate in student suspension proceedings (*see, Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ.*, 91 NY2d 133, 140-141; *Matter of Sahni v New York City Bd. of Educ.*, 240 AD2d 751, 751; *Matter of Underwood v Board of Educ. of City School Dist. of City of Kingston*, 117 AD2d 897, 899); moreover, and a point notably ignored by respondents, this is the standard imposed by statute (*see*, State Administrative Procedure Act § 306 [1]). Second, those cases in which the Court of Appeals has found that the proper standard of proof is a fair preponderance of the evidence, rather than substantial evidence, involved more substantial liberty and property interests than are implicated in a student suspension hearing (*see, Matter of Miller v DeBuono*, 90 NY2d 783; *Matter of Lee TT. v Dowling*, 87 NY2d 699; *compare, Matter of Malloch v Ballston Spa Cent. School Dist.*, 249 AD2d 797, *lv denied* 92 NY2d 810). The "stigma plus" which justified holding the substantial evidence standard violative of due process in the foregoing cases is simply not present in student discipline cases.

Third, we are unconvinced that use of the competent and substantial evidence standard risks an erroneous deprivation of the student's liberty and property interests. While we recognize that the Court of Appeals has defined substantial evidence as "less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181), that Court did define the concept using the following language:

> "In final analysis, substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically * * *" (*id.* at 181 [citations omitted]).

---

* Although not necessary to our decision, we are unconvinced that an individual student's interests are more important than those of the government in providing an education to all of its children.

Faithful adherence to this standard of proof assures protection of a student's constitutionally protected interests in a suspension hearing where "the burden of proof and evidentiary rules imposed * * * are not as stringent as in a formal trial" (*Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ.*, 91 NY2d 133, 141, *supra*). Having thus balanced the factors, we conclude that Supreme Court properly determined that the substantial and competent standard of proof does not violate a student's constitutional right to due process.

PETERS, J.P., CARPINELLO, ROSE and LAHTINEN, JJ., concur.

Ordered that the judgment is affirmed, without costs.