Appeal from an order of Supreme Court, Erie County (Cosgrove, J), entered August 19, 2002, which denied plaintiffs motion for summary judgment, granted summary judgment to defendant and dismissed the complaint.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order that denied her motion for summary judgment, granted summary judgment to defendant and dismissed the complaint. Plaintiff owns a one-half interest in property located at 16-18 Eaton Street in the City of Lackawanna. She commenced this action alleging that defendant unlawfully demolished a building on the premises. By a prior action, plaintiff had sought to enjoin defendant from demolishing the building. That action was resolved by stipulation of the parties, pursuant to which plaintiff agreed to clean up the premises within 90 days from entry and service of the order entered upon the stipulation, and defendant was temporarily restrained from taking any further steps toward the demolition of the property during that period. By order entered January 23, 1997, Supreme Court determined that 90 days had elapsed since the entry and service of its previous order and further determined that plaintiff had failed to clean up the *951 premises within the time ordered. That order also granted defendant permission to immediately demolish the building and to assess the cost of demolition on the tax bill for the property. We dismissed plaintiff’s appeal from that order (Jopek v City of Lackawanna, 244 AD2d 973 [1997]).
The primary contention of plaintiff on this appeal is that defendant failed to notify her of the time and date of the demolition. Contrary to plaintiff’s contention, however, defendant substantially complied with the notice requirements of the Lackawanna Municipal Code, and plaintiff was given ample notice and an opportunity to be heard prior to the demolition (see Home Doc Corp. v City of New York, 297 AD2d 277 [2002]; see also Lackawanna Municipal Code § 33.10). Because the court’s order entered January 23, 1997 allowed defendant to demolish the building “immediately,” the court properly granted summary judgment in defendant’s favor (see CPLR 3212 [b]). Present—Pigott, Jr., PJ., Pine, Scudder, Gorski and Lawton, JJ.