■ In the Matter of BENEDICT VIGLIETTA, Appellant, v RICHARD C. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [835 NYS2d 488]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered February 9, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Commissioner of Education to dismiss the petition.

Petitioner's position as a teacher in the Air Force Junior ROTC program was abolished by respondent Board of Education of the Auburn Enlarged City School District (hereinafter Board) resulting in his termination. He appealed to respondent Commissioner of Education (hereinafter Commissioner), arguing that the Board should have appointed him to a social studies position. The Board raised as an affirmative defense petitioner's failure to join Matt Dillon, the least senior social studies teacher, contending that because Dillon stood to lose his position if petitioner prevailed, he was a necessary party to the appeal. Thereafter, the Commissioner granted petitioner's request to join Dillon, directing in an August 26, 2004 letter from the Commissioner's Office of Counsel that petitioner

amend the caption to include Dillon as a named respondent and personally serve copies of all papers upon Dillon in accordance with 8 NYCRR 275.8 (a) no later than September 7, 2004. The letter further directed that an affidavit of personal service be filed with the Office of Counsel immediately thereafter.

On September 6, 2004, petitioner personally served Dillon with, among other things, a copy of the original notice of petition and petition, and a copy of a notice of petition and petition naming two other additional respondents. Notably, none of the documents contained a caption naming Dillon as a respondent. Petitioner filed an affidavit of service with the Commissioner on September 20, 2004. By letter dated September 10, 2004, petitioner mailed to all respondents and to Dillon a copy of an amended caption page and an amended paragraph 17 of the petition including Dillon as a respondent. These documents were not personally served on Dillon. Petitioner did not send the Commissioner a copy of that September 10, 2004 letter, nor did he file an affidavit of service stating that Dillon was served with the amended caption page. The Commissioner subsequently dismissed petitioner's appeal for failure to join a necessary party, since the record did not contain evidence that petitioner complied with the directives as set forth in the August 26, 2004 letter or with the applicable regulations.

Petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court granted the Commissioner's motion to dismiss the petition, finding that the Commissioner's dismissal of the administrative appeal was rational given the applicable rules, Education Department precedent, and the record before the Commissioner. Petitioner appeals, and we affirm.

Petitioner initially contends that Dillon was not a necessary party to the underlying administrative appeal. However, petitioner failed to make that argument in the context of the administrative proceeding and, in fact, attempted to add Dillon as a respondent. Therefore, the issue is unpreserved and, accordingly, outside the scope of our review (see *Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]).

Petitioner next contends that the steps taken to add Dillon to the petition were sufficient to comply with the Commissioner's August 26, 2004 directive and with 8 NYCRR 275.8 (a). In this regard, our review is limited to whether, on the record before him, the Commissioner's dismissal of the administrative appeal was arbitrary and capricious or affected by an error of law (see *Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ.*, 91 NY2d 133, 139 [1997]; *Matter of Scherbyn*

*v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]).

8 NYCRR 275.8 (a) requires that in the case of an appeal before the Commissioner, "[a] copy of the petition, together with all of petitioner's affidavits, exhibits, and other supporting papers . . . shall be personally served upon each named respondent." The Commissioner's August 26, 2004 letter directed that petitioner amend the caption of the appeal to include Dillon as a respondent and personally serve Dillon with copies of all papers no later than September 7, 2004. It is uncontroverted that petitioner never personally served Dillon with amended papers and served him by mail only after the September 7, 2004 deadline. Even this later attempt at service—which did not include a copy of the entire petition or supporting papers—was not made known to the Commissioner, as petitioner never filed an affidavit of service thereof or otherwise notified that office that the caption had been amended. Nor did petitioner file an amended notice of petition or petition with the Office of Counsel (*see* 8 NYCRR 275.9). Thus, the record before the Commissioner at the time of his decision contained no indication that petitioner had amended the caption or effected personal service as required by the August 26, 2004 letter or the regulations. Accordingly, the Commissioner's decision to dismiss the administrative appeal for failure to join Dillon as a necessary party was not arbitrary and capricious or affected by an error of law.

Petitioner further argues that the Commissioner failed to provide him with an opportunity to correct the procedural defect. The record belies this argument. The Commissioner granted petitioner's request to add Dillon as a respondent, affording him more than 10 days to complete personal service upon Dillon. Furthermore, after the administrative appeal was dismissed, petitioner elected not to apply to the Commissioner to reopen the decision (*see* 8 NYCRR 276.8 [a]), instead commencing this CPLR article 78 proceeding.

Petitioner's remaining contentions have been considered and *found to be without merit.*

Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.