■ Wayne Swartz et al., Respondents-Appellants, v City of Corning et al., Appellants-Respondents, and John F. and John P. Wenzel Contractors, Inc., Respondent. [849 NYS2d 368]—

Appeal and cross appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered October 2,

2006. The order, insofar as appealed and cross-appealed from, granted those parts of the motion of defendant John F. and John P. Wenzel Contractors, Inc. for summary judgment dismissing the complaint and cross claims against it, granted in part and denied in part the motion of defendants City of Corning and Mark L. Ryckman, individually and as City Manager of City of Corning, for summary judgment and denied the cross motion of plaintiffs for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendants City of Corning and Mark L. Ryckman, individually and as City Manager of City of Corning, in its entirety and dismissing the complaint against them and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages they sustained when defendants allegedly unlawfully demolished two houses owned by plaintiffs in defendant City of Corning (City). Defendant John F. and John P. Wenzel Contractors, Inc. (Wenzel) demolished the houses pursuant to a demolition order signed on behalf of the City by defendant Mark L. Ryckman, the City Manager. Supreme Court granted those parts of the motion of the City and Ryckman (City defendants) for summary judgment dismissing the causes of action for unlawful taking, tort under the NY Constitution, and negligence, the claim for violation of substantive due process, and the causes of action for trespass to land, trespass to chattels, and conversion against them. The court denied those parts of the motion of the City defendants for summary judgment dismissing the causes of action for unlawful seizure, violation of 42 USC § 1983, and breach of contract, as well as the claim for violation of procedural due process. The court also granted those parts of the motion of Wenzel for summary judgment dismissing the complaint and cross claims against it, and the court denied the cross motion of plaintiffs for summary judgment on the complaint and for summary judgment dismissing the City defendants' counterclaim. We conclude that the court erred in failing to grant the motion of the City defendants in its entirety, and we therefore modify the order accordingly.

On January 18, 2001, the City notified plaintiffs that two of their properties were in violation of the Code of the City of Corning and ordered plaintiffs to repair, demolish, or remove the houses within 30 days. The notice also provided for a hearing on February 20, 2001. Before the hearing date, plaintiffs contacted the City with respect to the notice and had a meeting with City officials, the result of which was a "Raze and Repair

Order Extension Agreement" (Agreement). Pursuant to the Agreement, plaintiffs were to perform certain work on the houses by February 28, 2001, with further work to be completed at certain deadlines through December 31, 2001. The Agreement further provided that it would "be interpreted according to the laws of the State of New York by the Corning City Court."

It is undisputed that plaintiffs failed to complete the required work items by February 28, 2001, and the City informed plaintiffs on March 8, 2001 that it was proceeding with the demolition, which would occur on or about March 13, 2001. On March 12, 2001, plaintiffs sought an injunction in City Court to stop the demolition, but City Court determined that it did not have jurisdiction over the dispute. On March 16, 2001, the City instructed Wenzel to demolish the houses on the properties and, on March 17, 2001, Wenzel did so. The City added the costs of the demolition to plaintiffs' tax bill and, when plaintiffs were unable to pay the tax bill, the properties were foreclosed upon and sold.

We agree with the City defendants that the court erred in denying that part of their motion with respect to the claim for violation of procedural due process. We reject the contention of plaintiffs that they were entitled to a "pre-deprivation hearing" before the demolition of the houses, and we conclude that they received all the procedural due process to which they were entitled. Generally, the destruction of a building by a municipality without providing the owner with notice and an opportunity to be heard constitutes "a violation of due process rights for which liability will attach" (*Calamusa v Town of Brookhaven*, 272 AD2d 426, 427 [2000]). Due process, however, "is a flexible concept, and the reasonableness of a municipality's actions requires a case-by-case analysis" (*Matter of County of Clinton [Bouchard]*, 29 AD3d 79, 83 [2006]; *see Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]; *Matter of Zaccaro v Cahill*, 100 NY2d 884, 890 [2003]). In determining whether due process requirements have been satisfied, a court must examine "(1) the private interest affected by the [municipality's] action, (2) the risk of an erroneous deprivation of that interest through the procedures used and the probable value, if any, of additional safeguards, and (3) a consideration of the [municipality's] interest" (*Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills*, 293 AD2d 37, 38, citing *Mathews v Eldridge*, 424 US 319, 335 [1976]; *see also Matter of Medicon Diagnostic Labs. v Perales*, 74 NY2d 539, 546 [1989]). We are also mindful that " '[d]ue process does not, of course, require that the defendant in every civil case actually have a hearing on the merits' "

(*Curiale v Ardra Ins. Co.*, 88 NY2d 268, 274 [1996], quoting *Boddie v Connecticut*, 401 US 371, 378 [1971]).

Here, although plaintiffs initially were provided with notice and the opportunity for a hearing, the Agreement obviated the need for a hearing, and thereafter governed all rights and duties between the parties (*see generally Jopek v City of Lackawanna*, 1 AD3d 950, 950-951 [2003]). Plaintiffs failed to raise a triable issue of fact whether they failed to meet the deadline on February 28, 2001 and, in view of the parol evidence rule, we do not consider their assertions that they were assured that the City would not strictly enforce the Agreement (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32-33 [2002], *rearg denied* 98 NY2d 693 [2002]; *Fisher v A.W. Miller Tech. Sales*, 306 AD2d 829 [2003]). We reject plaintiffs' further contention that the language of the Agreement is ambiguous with respect to whether the houses would be demolished if the deadlines were missed. Viewing the document as a whole and giving effect and meaning to every term therein, we conclude as a matter of law that the language of the contract is unambiguous (*see Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 88-89 [2001], *lv denied* 97 NY2d 603 [2001]). We thus conclude that plaintiffs agreed that demolition would be the result of their failure to complete the required work by the agreed-upon deadline.

The alleged failure to provide plaintiffs with a hearing is also the foundation for the remaining causes of action and claim asserted against the City defendants, with the exception of the cause of action for breach of contract against the City, and we thus conclude that the City defendants are entitled to summary judgment dismissing those causes of action and that claim. Further, we agree with the City defendants that the City is entitled to summary judgment dismissing the cause of action for breach of contract. According to plaintiffs, the basis of the breach is that the City Court Judge, although determining that he lacked jurisdiction to grant the injunctive relief sought by plaintiffs, expressed the opinion that the houses could not be demolished until 30 days after written notice was filed in the Steuben County Clerk's Office, and the City breached the Agreement by failing to follow such a procedure. The papers submitted by plaintiffs in City Court establish, however, that they were not seeking an interpretation of the Agreement but, rather, were seeking an injunction with respect to the demolition and to modify the terms of the Agreement by providing plaintiffs with additional time in which to complete the repair work. City Court did not grant that relief and, because there was no actual or

purported interpretation of the Agreement, it cannot be said that the City breached the Agreement by not following the court's erroneous legal opinion, which was outside the terms of the Agreement.

We reject the contention of plaintiffs on their cross appeal that the court erred in granting that part of the motion of Wenzel for summary judgment dismissing the negligence claim against it. The alleged failure of Wenzel to verify whether the City's demolition order was lawfully issued or in violation of plaintiffs' right to procedural due process is the basis for that claim against Wenzel and, in view of our analysis herein, we conclude that the court properly granted that part of Wenzel's motion.

We have examined the remaining contentions of plaintiffs on their cross appeal and conclude that they are lacking in merit and, in light of our determination, we see no need to address the remaining contentions of the City defendants. Present— Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.