■ In the Matter of SHANGO BLAKE, Appellant, v RICHARD MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [915 NYS2d 319]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered October 9, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education dismissing petitioner's appeal for improper service.

In 2006, petitioner, then a principal in the New York City School District, was charged with 14 counts of misconduct. An arbitration hearing was held pursuant to a collective bargaining agreement and Education Law § 3020 (3), following which the arbitrator found petitioner guilty of misconduct and recommended that petitioner's employment be terminated. Upon petitioner's appeal, that determination was implemented by respondent Chancellor of respondent New York City Department of Education. Petitioner then attempted to appeal from the Chancellor's decision to respondent Commissioner of Education by serving copies of the appeal papers on a clerk in the Chancellor's office and on an administrator in the community school district superintendent's office. Noting that this did not comply with the service requirements for appeals to the Commissioner from decisions of the Chancellor, the Commissioner dismissed the appeal for improper service. Petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition and petitioner appeals.

In disciplinary matters governed by Education Law § 3020 (3), appeals to the Commissioner must be instituted by "effecting personal service of a copy of the appeal . . . upon: (1) the chancellor, or a person designated to accept service on behalf of the chancellor; and (2) the community school district superintendent who initiated the arbitration proceeding, or a person in the office of such superintendent who has been designated to accept service" (8 NYCRR 281.6 [b] [1], [2]). Here, the record reflects that petitioner did not effect personal service upon the

Chancellor.* Further, the record reflects that the New York City Law Department is the exclusive agent designated to accept service on behalf of the Chancellor, and it is undisputed that petitioner did not attempt to serve the appeal papers there. Moreover, it was not established that the person served in the community school district superintendent's office was specifically designated to accept service on the superintendent's behalf. In light of petitioner's failure to comply with the applicable regulation (see 8 NYCRR 281.6), the Commissioner's dismissal of petitioner's administrative appeal "was not arbitrary and capricious or affected by an error of law" (Matter of Viglietta v Mills, 39 AD3d 1119, 1120 [2007]; see Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ., 91 NY2d 133, 139 [1997]).

To the extent that they are properly before this Court, we have considered petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Peters, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner's claim that he effected personal service on the Chancellor in accordance with 8 NYCRR 275.8 (a) by leaving a copy of the appeal papers with a person of suitable age and discretion at the Chancellor's place of business is not persuasive. Notably, assuming that this provision is applicable here, it requires personal service upon the Chancellor or, "if [the Chancellor] cannot be found upon diligent search, [service must be made] by delivering and leaving the [appeal papers] at the [Chancellor's] residence with some person of suitable age and discretion" (8 NYCRR 275.8 [a] [emphasis added]).