# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**427**
**CA 15-01083**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

SARAH BOYLE AND EMILY BOYLE, BY THEIR PARENT
ROBERT W. BOYLE, JR., AND ROBERT W. BOYLE, JR.,
INDIVIDUALLY, PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

CALEDONIA-MUMFORD CENTRAL SCHOOL,
DEFENDANT-RESPONDENT.

E. ROBERT FUSSELL, P.C., LEROY (E. ROBERT FUSSELL OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

OSBORN, REED & BURKE, LLP, ROCHESTER (AIMEE LAFEVER KOCH OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Livingston County
(Robert B. Wiggins, A.J.), entered March 5, 2015.  The order granted
defendant's motion for summary judgment dismissing plaintiffs'
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries allegedly resulting from the actions of defendant school
district in response to a series of incidents involving infant
plaintiffs, Sarah and Emily.  The incidents occurred during the 2009-
2010 school year, when infant plaintiffs were middle school students.
Throughout the 2009-2010 school year, infant plaintiffs were subject
to various disciplinary actions, culminating in a proposed one-year
suspension for the ensuing school year.  In addition, another student
at the middle school and her mother reported to the police that Sarah,
inter alia, slammed the student's head into a locker and punched her
in the face.  Following that police report, the Livingston County
Attorney filed a petition in Family Court alleging that Sarah had
committed an act that, if done by an adult, would constitute the crime
of assault in the third degree.

The complaint asserts four causes of action:  abuse of process,
"outrageous conduct causing emotional distress," prima facie tort, and
"intentionally making false statements."  In addition, although they
are not set forth as distinct causes of action, the complaint alleges
that defendant denied infant plaintiffs their rights to due process
under the Fourteenth Amendment of the US Constitution and Education

Law § 3214 (3), and denied them rights protected under Education Law § 2801-a.

Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint. At the outset, we note that plaintiffs have not raised any contentions in their brief with respect to the causes of action asserting prima facie tort and "intentionally making false statements," and they have thus abandoned any issues concerning the dismissal of those causes of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984). Defendant met its burden of establishing that the abuse of process cause of action has no merit by submitting evidence that it did not cause process to be issued against Sarah (*cf. D'Amico v Correctional Med. Care, Inc.*, 120 AD3d 956, 960; *see generally Curiano v Suozzi*, 63 NY2d 113, 116). The cause of action asserting "outrageous conduct causing emotional distress" was properly dismissed inasmuch as "[p]ublic policy bars claims sounding in intentional infliction of emotional distress against a government entity" (*Matter of Gottlieb v City of New York*, 129 AD3d 724, 727). In any event, the court properly concluded as a matter of law that defendant's alleged conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Carpenter v City of Plattsburgh*, 105 AD2d 295, 300, *affd* 66 NY2d 791 [internal quotation marks omitted]; *see Rocco v Town of Smithtown*, 229 AD2d 1034, 1035, *appeal dismissed* 88 NY2d 1065). Contrary to plaintiffs' contention, moreover, defendant's alleged violations of the Education Law do not constitute outrageous conduct and, in any event, plaintiffs have no private right of action based upon those alleged statutory violations (*see generally Uhr v East Greenbush Cent. Sch. Dist.*, 94 NY2d 32, 38-42).

Turning to the alleged procedural due process violations, we agree with plaintiffs that infant plaintiffs had a constitutionally protected interest in the continuation of their education and, when they faced a long-term suspension, they had a right to be heard under the US Constitution (*see Matter of Board of Educ. of Monticello Cent. Sch. Dist. v Commissioner of Educ.*, 91 NY2d 133, 139; *Matter of Board of Educ. of City Sch. Dist. of City of N.Y. v Mills*, 293 AD2d 37, 39), as well as Education Law § 3214 (3) (c) (*see Board of Educ. of Monticello Cent. Sch. Dist.*, 91 NY2d at 139). That right, however, was subject to waiver (*see generally Boddie v Connecticut*, 401 US 371, 378-379), and plaintiff father waived the infant plaintiffs' due process right to a hearing when he opted not to follow through with a hearing and instead enrolled them in another school district (*see generally Green v Green*, 288 AD2d 436, 437). We agree with defendant that the complaint does not assert an equal protection claim. The court nevertheless addressed such a claim, and the record supports the court's conclusion that there was no equal protection violation (*see Acquest Wehrle, LLC v Town of Amherst*, 129 AD3d 1644, 1648-1649, *appeal dismissed* 26 NY3d 1020).

Finally, we reject plaintiffs' contention that summary judgment was premature because they had not completed discovery. Plaintiffs

failed to establish that facts essential to oppose the motion were in defendant's possession, and their "mere hope" that further depositions would disclose evidence to prove their case is insufficient to support denial of the motion (*Ramesar v State of New York*, 224 AD2d 757, 759, *lv denied* 88 NY2d 811; *see Brummer v Barnes Firm, P.C.*, 56 AD3d 1177, 1179).

Entered:  June 10, 2016                            Frances E. Cafarell
                                                    Clerk of the Court