Matter of Bautista v Olatoye (2019 NY Slip Op 02422)





Matter of Bautista v Olatoye


2019 NY Slip Op 02422


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8823 100210/17

[*1]In re Fatima Bautista, Petitioner,
v
Shola Olatoye, etc., et al., Respondents.


Bronx Legal Services, Bronx (Chelsea L. Breakstone of counsel), for petitioner.
Kelly D. MacNeal, New York City Housing Authority, New York (Melissa R. Renwick of counsel), for respondents.



Determination of respondents, dated October 31, 2016, which, after a hearing, found that petitioner's apartment was being used by her son as part of his illegal drug enterprise and terminated petitioner's Section 8 housing subsidy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Nancy M. Bannon, J.] entered April 26, 2018), dismissed, without costs.
Contrary to petitioner's contention, there is substantial evidence in the record to support the finding that petitioner's apartment was being used by an authorized family member as part of his
illegal drug conduct (see Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ. , 91 NY2d 133, 141 [1997]; 300 Gramatan Ave. Assocs. v State Div. of Human Rights , 45 NY2d 176, 180 [1978]). The record also supports the hearing officer's findings that petitioner was not credible and withheld pertinent information from respondent NYCHA when she sought to transfer her voucher and remove her son as a household member. As the hearing officer made "a careful and painstaking assessment of all the available evidence" (Matter of Rosenkrantz v McMickens , 131 AD2d 389, 391 [1st Dept 1987]), the credibility determination is not reviewable (Matter of Berenhaus v Ward , 70 NY2d 436, 443-444 [1987]).
We do not find that, under the circumstances, the penalty of termination of petitioner's Section 8 subsidy is so disproportionate to the offense as to be shocking to one's sense of fairness (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 233 [1974]; 24 CFR 2.552[c][2][i]).
Finally, petitioner's equal protection claim fails because she is not similarly situated to tenants of public housing projects, for which there are distinct governing regulations and termination procedures (compare 24 CFR Part 960 and Matter of Brown v Popolizio , 166 AD2d 44, 51-52 [1st Dept 1991], citing NYCHA Termination of Tenancy Procedures ¶ 6[d], with 24 CFR Part 982 and Diedre Williams v New York City Hous. Auth. , US Dist Ct, SD NY, 81 Civ 1801 [RJW], Oct. 17, 1984 [First Partial Consent Judgment]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK