Matter of Harvey v New York City Dept. of Bldgs. (2020 NY Slip Op 00909)





Matter of Harvey v New York City Dept. of Bldgs.


2020 NY Slip Op 00909


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10961 152926/18

[*1] In re William Harvey, Petitioner,
v
New York City Department of Buildings, et al., Respondents.


Klein Slowik PLLC, New York (Christopher M. Slowik of counsel), for petitioner.
Georgia M. Pestana, Acting Corporation Counsel, New York (Ashley R. Garman of counsel), for respondents.



Determination of respondents, dated November 30, 2017, which, after a hearing, revoked petitioner's Master Plumber and Fire Suppression Piping Contractor licenses, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [W. Franc Perry, III, J.], entered November 13, 2018) dismissed, without costs.
There is substantial evidence in the record to support the findings that petitioner allowed non-employees to perform plumbing work on sites for which he held a permit, failed to perform work or inspections before requesting sign-offs, conducted work without a permit, and submitted a false or misleading statement to the New York City Department of Buildings (DOB) (Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ., 91 NY2d 133, 141 [1997]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see Administrative Code of City of NY §§ 28-105.1, 28-116.1 to 28-116.4, 28-408.6[4]). Contrary to petitioner's contention, "[h]earsay evidence can be the basis of an administrative determination and, if sufficiently probative, it alone may constitute substantial evidence" (Matter of Café La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007]). This Court "may not weigh the evidence, choose between conflicting proof, or substitute its assessment of the evidence or witness credibility for that of the administrative factfinder" (Matter of Porter v New York City Hous. Auth., 42 AD3d 314, 314 [1st Dept 2007]).
We do not find that, under the circumstances, the penalty of revocation is so disproportionate to the offense as to be shocking to one's sense of fairness (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). The DOB commissioner is authorized to revoke a license for "[t]he making of a material false or misleading statement on any form or report filed with the department or other governmental entity" or "[n]egligence, incompetence, lack of knowledge, or disregard of [the construction] code and related laws and rules" (Administrative Code § 28-401.19[2], [6]).
Petitioner did not preserve the argument that being charged in the disjunctive with [*2]negligence, incompetence, lack of knowledge, or disregard of the law was reversible error (see Matter of Esperon v Kelly, 125 AD3d 460, 460 [1st Dept 2015]).It is also unavailing, as he was apprised of the charges and specific events (see 48 RCNY 1-22).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK