■ CHARLES J. LINEN, SR., Respondent, v COUNTY OF RENSSELAER et al., Appellants. [711 NYS2d 236] —Rose, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 23, 1999 in Rensselaer County, which, *inter alia*, partially denied defendants' motion for summary judgment dismissing the complaint.

When plaintiff failed to appear for a support hearing in the Family Court on October 25, 1994, a bench warrant was issued for his arrest. The warrant bore Family Court's recommenda-

tion of bail in the amount of $250, cited Family Court Act § 155 and specifically directed those responsible for executing it as follows: "If an adult respondent is arrested under this Act when the Family Court is not in session, he shall be taken to the most accessible magistrate and arraigned before him. The production of a warrant issued by the Family Court, a certificate of warrant, a certification of order of protection or an order of protection shall be evidence of the filing of a proper information or petition and the magistrate shall thereupon hold such respondent, admit to, fix or accept bail, or parole him for hearing before the Family Court. All subsequent proceedings shall be held in the Family Court."

Plaintiff voluntarily appeared before Family Court on November 21, 1994 and the warrant was vacated. However, defendant Rensselaer County Sheriff's Department (hereinafter the Department) apparently did not receive notice that it was cancelled, and plaintiff was arrested pursuant to the warrant on Friday, March 17, 1995. Defendant Frank Maston, a Deputy with the Department, transported plaintiff to the County Jail where he was placed in the custody of defendant David Higgit, a correction officer. Plaintiff was unable to reach his parents by telephone or post bail with the Department's officers in the amount recommended in the warrant. Instead of being taken to the most accessible magistrate for arraignment, plaintiff remained confined in jail until Monday morning, March 20, 1995, when he was taken before Family Court. Although Family Court immediately recognized the error and ordered his release, plaintiff was retained in the Department's custody and reshackled, handcuffed and transported back to the jail where he was returned to his cell for another hour as Department employees retrieved his jail garb, returned his personal clothing and completed necessary paper work.

Plaintiff thereafter commenced this action alleging causes of action sounding in negligence, false arrest, false imprisonment and defamation as well as a claim that his civil rights had been violated (see, 42 USC § 1983). After issue was joined, plaintiff moved for leave to amend the complaint and defendants cross-moved for summary judgment dismissing it in its entirety. Supreme Court denied plaintiff's motion to amend and partially denied defendants' cross motion by dismissing all of the complaint except the second cause of action insofar as it alleges a violation of his civil rights based upon the delay in his arraignment by Maston and Higgit and the delay in his release by the Department and defendant County of Rensselaer, and the fourth cause of action insofar as it alleges false

imprisonment based upon the delay in his arraignment by Maston, Higgit, the Department and the County, and the delay in his release by the Department and the County. Defendants appeal.

We consider first plaintiff's cause of action based on 42 USC § 1983. To prevail against a governmental entity or employee in a claim under that section, a plaintiff must demonstrate the existence of "(1) an official policy or custom that (2) causes [the plaintiff] to be subjected to (3) a denial of a constitutional right" (*Howe v Village of Trumansburg*, 199 AD2d 749, 751, *lv denied* 83 NY2d 753; *see*, *City of Los Angeles v Heller*, 475 US 796, 808). The initial inquiry on such a claim is whether the plaintiff can establish that he or she had been deprived of a specific Federal statutory or constitutional right (*see*, *Baker v McCollan*, 443 US 137, 140; *see also*, *Anderson v Creighton*, 483 US 635, 641; *DiPalma v Phelan*, 81 NY2d 754, 756). Here, plaintiff invokes a specific constitutional right by means of an explicitly mandated State legal procedure. He argues that his 14th Amendment liberty interest was infringed without due process of law by the failure of Maston and Higgit to have him arraigned before the most accessible magistrate immediately following his arrest as required by Family Court Act § 155 and the terms of the warrant. Plaintiff also contends that his continued physical restraint following his release by Family Court was unjustified and infringed upon his right to immediate liberty.

Although a delay in arraignment does not in itself support a cause of action under 42 USC § 1983 (*see*, *Baker v McCollan*, *supra*, at 145; *Wells v Manhattan Criminal Ct. Arraignment No. 3*, 2000 US Dist LEXIS 5174, 2000 WL 460458 [US Dist Ct, SD NY, Apr. 20, 2000, Cote, J.]), the United States Supreme Court has recognized that, depending on what procedures a State affords an individual following arrest, that individual may have a liberty interest in being free from incarceration (*see*, *Baker v McCollan*, *supra*, at 145). "Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States" (*Hewitt v Helms*, 459 US 460, 466). Thus, where State law creates a protected liberty interest by placing substantive limitations on the discretion of governmental officials that are explicitly mandatory, a 42 USC § 1983 cause of action lies when a person is deprived of that protected liberty interest without due process (*see*, *Oviatt v Pearce*, 954 F2d 1470, 1474-1475).

Here, it is uncontested that Maston and Higgit failed to follow the directive of Family Court Act § 155 (1) that an adult

respondent arrested when Family Court is not in session *shall* be taken to the most accessible magistrate and arraigned. This statute created a protected liberty interest by providing the procedure necessary to assure due process in the precise circumstances of plaintiff's arrest, i.e., when Family Court was not in session. The warrant itself bore a similar mandate issued by Family Court. Thus, plaintiff has alleged that defendants infringed upon a right secured by prompt arraignment, a Federally recognized liberty interest created by State law, when they failed to have the validity of the warrant and the possibility of his release, with or without bail, promptly assessed by an independent judicial officer. In light of these allegations and the undisputed failure to provide prompt arraignment, Supreme Court properly found there to be material issues of fact precluding summary judgment.

The analysis of the delay in plaintiff's release following his arraignment is even more straightforward because there can be no doubt that plaintiff had a Federally recognized liberty interest once Family Court confirmed that there was absolutely no basis to retain him in the Department's custody. In this setting, the issue is whether the 42 USC § 1983 claim fails because the infringement of a protected liberty interest is to be excused as reasonably related to legitimate governmental interests (*see, Block v Rutherford*, 468 US 576, 584-585). Although the Department's "processing out" procedures may promote valid governmental objectives, there is a clear issue of fact as to whether the reshackling and handcuffing of plaintiff to forcibly return him to a jail cell were reasonable in light of the alleged risks that less restrictive or coercive means might impose.

We next consider plaintiff's cause of action for false imprisonment based upon the delayed arraignment. "A government official performing a discretionary function is entitled to qualified immunity provided his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (*Liu v New York City Police Dept.*, 216 AD2d 67, 68, *lv denied* 87 NY2d 802, *cert denied* 517 US 1167 [citation omitted]). To be entitled to qualified immunity and dismissal of plaintiff's claims, defendants must establish that it was objectively reasonable for them to believe that their conduct in retaining plaintiff was appropriate under the circumstances or that "officers of reasonable competence" could disagree as to whether such conduct was proper (*Malley v Briggs*, 475 US 335, 341; *see, Baez v City of Amsterdam*, 245 AD2d 705, 707, *lv denied* 91 NY2d 810).

Here, it cannot be said that, as a matter of law, it was rea-

sonable for Maston and Higgit to detain plaintiff until the following Monday in the face of the warrant's express direction to the contrary and the right to prompt arraignment guaranteed by Family Court Act § 155. Defendants have not established that they had an objectively reasonable basis for concluding, as they argue, that the sole purpose of arraignment was to offer plaintiff the opportunity to post $250 bail and thereby secure his release (*see, Cavanaugh v Doherty*, 243 AD2d 92, 97-98). While a magistrate might well have followed Family Court's recommendation and rejected plaintiff's allegation that the warrant had been vacated because Family Court records were not then available to confirm or deny this, plaintiff had a statutorily guaranteed right to have his release on bail or on his own recognizance, as well as his claim that the warrant had been vacated, assessed and ruled upon by a judicial officer rather than by a police officer. There is at least a question of fact as to whether, in similar circumstances, any officer of reasonable competence would have concluded that arraignment before a magistrate was not required by the clear terms of both the statute and the warrant.

As to plaintiff's false imprisonment claim based upon the delay in plaintiff's release following his discharge by Family Court, we cannot agree that it is defeated, as a matter of law, by defendants' qualified immunity. We have already considered this issue in our analysis of plaintiff's 42 USC § 1983 claim and find it to be without merit. Thus, Supreme Court properly denied defendants' motion as to this claim as well.

Lastly, during oral argument we were advised that Supreme Court recently granted defendants' motion for reargument and issued a subsequent decision and order (dated June 5, 2000) which partially reversed its original order (entered April 23, 1999) by granting summary judgment to defendants on the second cause of action insofar as it alleges a violation of 42 USC § 1983 based upon the delay in plaintiff's arraignment. In all other respects Supreme Court confirmed its original order. We have reviewed the subsequent order (*see*, CPLR 5517 [b]) and, to the extent that it departs from Supreme Court's original order and our decision herein, we reverse it.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order entered April 23, 1999 is affirmed, with costs.