GENEVIEVE MULFORD, as Executrix of CHARLES MCGUCKIN, Deceased, Appellant, v CELIA FITZPATRICK et al., Respondents.
[892 NYS2d 81]—

It is uncontested that the estate timely commenced an action in the United States District Court in New Jersey within two

years of the accrual of alleged fraudulent acts by defendants. The supplemental fraud claims in the federal action were dismissed without prejudice, as they did not meet the monetary threshold minimum of $75,000 after the primary negligence claims were dismissed in that action. The order disposing of that action stated only that dismissal was on the basis that the supplemental claims did not meet the federal jurisdictional amount in controversy (*see generally* CPLR 205 [a]). As such, defendants' neglect-to-prosecute claim is unavailing.

The estate thereafter timely commenced the instant action based on the same transactions or occurrences underlying the federal fraud claim, well within the six-month extension period provided in CPLR 205 (a) (*see also* 28 USC § 1367 [d]). Therefore, contrary to the court's conclusion, all three causes of action (conversion, fraudulent misappropriation of funds and breach of fiduciary duty) are deemed timely for purposes of the applicable statute of limitations (*see* CPLR 213, 214 [3]).

Personal jurisdiction was properly obtained over defendant Celia Fitzpatrick, a New Jersey resident who, while remaining in New Jersey, allegedly obtained by false representation a power of attorney to enable her to remove and convert funds from decedent's New York bank account. Such alleged activity was purposeful and established a substantial relationship between the transaction and the estate's claim for misappropriated bank funds (*see Catauro v Goldome Bank For Sav.*, 189 AD2d 747 [1993]). Plaintiff did not meet its burden, however, in showing that Celia's husband engaged in purposeful conduct to effect the alleged misappropriation so as to warrant the extension of long-arm jurisdiction to him.

There is no basis for granting removal of the action to New Jersey on grounds of forum non conveniens. A substantial nexus exists between New York and the estate's action for a return of allegedly misappropriated bank funds. The decedent was a New York resident, the bank funds at issue were taken from a Manhattan bank account, defendants often visited New York, and the estate was probated here. Furthermore, defendant has made an inadequate showing of hardship by retention of the action in New York County, which is not far from where defendant and the unidentified defense witnesses live or work (*see generally Bock v Rockwell Mfg. Co.*, 151 AD2d 629 [1989]). Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.