# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**727**

**CA 14-00117**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

ACQUEST WEHRLE, LLC, PLAINTIFF-RESPONDENT,

              V                              MEMORANDUM AND ORDER

TOWN OF AMHERST, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

E. THOMAS JONES, WILLIAMSVILLE, DEMARIE & SCHOENBORN, P.C., BUFFALO
(JOSEPH DEMARIE OF COUNSEL), FOR DEFENDANT-APPELLANT.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (R. ANTHONY RUPP, III, OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (John A. Michalek, J.), entered December 10, 2013.
The order and judgment awarded plaintiff money damages and attorney's
fees.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by granting that part of the motion
seeking summary judgment dismissing the eighth cause of action and
vacating the jury award on that cause of action, and as modified the
order and judgment is affirmed without costs, and the matter is
remitted for recalculation of the final judgment.

Memorandum: Plaintiff commenced this action against the Town of
Amherst (defendant) and members of the Town of Amherst Town Board
(Town Board) seeking, inter alia, monetary damages based on actions by
the Town Board. Plaintiff is the owner of certain property located
partially in a designated wetland. In 1983, the United States
Environmental Protection Agency (EPA) gave defendant a $5.6 million
grant that constituted more than 50% of defendant's cost to construct
a sewer project. In exchange, the EPA sought defendant's agreement to
prohibit for 50 years new development located in the identified
wetlands from connecting to the sewers funded in part by the grant.
Defendant agreed that no such sewer hook-up would be allowed unless
approved by the EPA. In furtherance of that agreement, the Town Board
on July 5, 1983 issued a resolution imposing a 50-year moratorium "on
development of properties which are located wholly or partially within
state or federal designated wetlands and which are tributary to [the
subsidized sanitary sewer]." The Town Board "reserve[d] the right to
appeal th[e] moratorium with respect to actual wetland boundaries on
an individual parcel basis."

Sometime in the late 1990s and early 2000s, the property at issue was rezoned from residential to office business after a full review pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8) based on plaintiff's proposal to develop the property into an office park.  In February 2001, the Town Board passed a resolution authorizing a request for a sewer tap-in waiver from the EPA for the property and, in January 2002, defendant made the formal request to the EPA.  In December 2004, the EPA denied defendant's tap-in waiver request for the property, leading plaintiff to revise its site plan. In April and May 2005, the EPA notified plaintiff that, based upon the revised site plan and issuance of a permit pursuant to section 404 of the Federal Water Pollution Control Act (33 USC § 1344) from the Army Corps of Engineers (ACE), a tap-in waiver would be approved.  The EPA advised plaintiff that Town of Amherst Planning Board (Planning Board) approval of the revised site plan would constitute and be evidence of continuing approval and support by defendant of the tap-in waiver previously requested from the EPA.  Various representatives of plaintiff and defendant agreed by way of a June 2, 2005 memorandum that the Planning Board's action would be sufficient and that Town Board approval was not required.  The parties also agreed that the order of obtaining approvals would be first, a 404 permit from ACE; second, an approval from the Planning Board for the site plan; and third, approval from the EPA of the waiver.  ACE issued a provisional 404 permit to plaintiff on March 14, 2006.  On March 20, 2006, without any notice to plaintiff, the Town Board passed a resolution rescinding the tap-in waiver request and terminated the office park project.

Plaintiff commenced a federal action against defendant and others in September 2006, which was dismissed in March 2009 for lack of ripeness.  Plaintiff then commenced this action in August 2009. Supreme Court granted in part defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for partial summary judgment, then subsequently amended its order after granting in part defendants' motion to reargue.  A jury trial was held on the remaining four causes of action based on violations of 42 USC § 1983, including deprivation of substantive due process and denial of equal protection under the constitutions of the United States and the State of New York.  The individual members of the Town Board were released from the litigation.  As relevant herein, the jury found that defendant violated plaintiff's right to substantive due process causing plaintiff damages in the amount of $1,459,411, and that defendant violated plaintiff's right to equal protection causing plaintiff damages in the amount of $1,588,000.  Defendant now appeals.

Initially, we reject defendant's contention that plaintiff's exclusive remedy was a CPLR article 78 proceeding.  Plaintiff sought monetary damages both for its expenses in attempting to develop the property and the diminished value of the property attributable to defendant's actions, and we conclude that it appropriately sought that relief through the 42 USC § 1983 causes of action (*see D & S Realty Dev. v Town of Huntington*, 295 AD2d 306, 307; *see generally Town of Orangetown v Magee*, 88 NY2d 41, 48, 52).  We reject defendant's further contention that the complaint is time-barred.  The present complaint is based upon the same transaction or occurrence, or the

same operative facts, as the federal action, and thus the action is timely pursuant to CPLR 205 (a) (*see Mulford v Fitzpatrick*, 68 AD3d 634, 635; *Kavanau v Virtis Co.*, 32 AD2d 754, 754-755).  Defendant's further contention that plaintiff was not the real party in interest was not raised during the trial, and that defense is therefore waived (*see Stevenson Equip. v Chemig Constr. Corp.*, 170 AD2d 769, 771, *affd* 79 NY2d 989; *see generally Advanced Magnification Instruments of Oneonta v Minuteman Opt. Corp.*, 135 AD2d 889, 890).  In any event, defendant failed to establish that plaintiff was not the real party in interest (*see generally Brignoli v Balch, Hardy & Scheinman*, 178 AD2d 290, 290-291).

Defendant contends that the court erred in denying its motion in part and granting the cross motion in part with respect to the seventh cause of action, alleging a violation of 42 USC § 1983 based on substantive due process.  As a preliminary matter, we note that the Court of Appeals has set forth a two-part test for substantive due process violations:  "[f]irst, [a plaintiff] must establish a cognizable property interest, meaning a vested property interest, or 'more than a mere expectation or hope to retain the permit and continue their improvements; they must show that pursuant to State or local law, they had a legitimate claim of entitlement to continue construction' . . . Second, [a plaintiff] must show that the governmental action was wholly without legal justification" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627; *see Schlossin v Town of Marilla*, 48 AD3d 1118, 1120).  Under the first prong, "a legitimate claim of entitlement to a permit can exist only where there is either a 'certainty or a very strong likelihood' that an application for approval would have been granted" (*Bower Assoc.*, 2 NY3d at 628).  "Where an issuing authority has discretion in approving or denying a permit, a clear entitlement can exist only when that discretion 'is so narrowly circumscribed that approval of a proper application is virtually assured' " (*id.*).

We conclude that the court properly granted that part of plaintiff's cross motion seeking partial summary judgment on the issue of a cognizable property interest pursuant to the first prong of the substantive due process test, holding that plaintiff established a constitutionally protectable property interest in the February 2001 sewer tap-in waiver request made by defendant on plaintiff's behalf. As noted by the EPA and agreed to by defendant, the Town Board had no further discretion to exercise after the EPA advised that plaintiff's revised site plan would form the basis of an acceptable waiver request.  Defendant correctly notes that plaintiff still needed to obtain site plan approval by the Planning Board, and the EPA needed to grant the tap-in waiver request before the property could be developed, but plaintiff established that those actions were certainties (*see Magee*, 88 NY2d at 52-53).

We reject defendant's further contention that plaintiff failed to raise a triable issue of fact in opposition to defendants' motion for summary judgment, as well as failed to establish during the trial, that the Town Board's action on March 20, 2006 was wholly without justification under the second prong of the test.  Under the second

prong, " 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense' " (*Bower Assoc.*, 2 NY3d at 628). The Town Board's meeting itself and the timing of that meeting supports that conclusion. The Town Board did not give notice to plaintiff that it was planning on reconsidering the waiver request at the hearing. The Town Board, or at least the Town Supervisor, was aware through a neighborhood activist that the necessary approvals from ACE and the EPA were imminent, and that the Town Board needed to take action to stop it. The Town Supervisor admitted receiving a letter dated February 19, 2006 from the neighborhood activist opposed to any development in wetlands. In that letter, the activist stated that the EPA would likely grant plaintiff the waiver to tap into the sewer if ACE approved the permit application and the Town supported the project either by saying nothing or asking the EPA for a waiver. She indicated that ACE was going to grant the permit in approximately one or two weeks. ACE did, in fact, issue the provisional 404 permit to plaintiff on March 14, 2006 and, just six days later, the Town Board addressed the tap-in waiver request at the meeting. The Town Supervisor testified that, "when the new board came, these people [referring to neighborhood activists] just pushed it and we acted on it." No new studies had been done regarding traffic or impacts on the environment since the SEQRA review. The Town Supervisor testified that he did not look at the Planning Board's file or the SEQRA documents prior to the vote. He was also unaware that the EPA indicated that it was satisfied with the revised site plan and that it would form the basis of an acceptable waiver request. Finally, the resolution did not simply withdraw the tap-in waiver request, but emphatically stated that the Town Board was "terminat[ing] said commercial project." In sum, plaintiff submitted sufficient evidence that the Town's conduct was solely politically motivated and thus that the Town Board's action was without legal justification (*see Magee*, 88 NY2d at 53).

We agree with defendant, however, that the court erred in denying that part of defendants' motion for summary judgment seeking dismissal of the eighth cause of action, alleging a violation of 42 USC § 1983 based on equal protection, and we therefore modify the judgment by dismissing that cause of action and vacating the jury award to that extent. "The essence of a violation of the constitutional guarantee of equal protection is, of course, that all persons similarly situated must be treated alike" (*Bower Assoc.*, 2 NY3d at 630). Here, as in *Bower Assoc.*, plaintiff's equal protection claim "does not rest on differential treatment as a constitutionally protected suspect class . . . [but, r]ather[,] . . . sounds in selective enforcement" (*id.* at 630-631). In that situation, a violation of equal protection occurs when a person is selectively treated and such treatment is based on, inter alia, maliciousness or bad faith intent to injure a person (*see id.* at 631; *Matter of Northway 11 Communities v Town Bd. of Town of Malta*, 300 AD2d 786, 788). "The 'similarly situated' element of the [cause of action] asks 'whether a prudent person, looking objectively at the incidents, would think them roughly equivalent' " (*Bower Assoc.*, 2 NY3d at 631).

Here, we agree with defendant that it established as a matter of law that plaintiff's property was not similarly-situated to two other properties, thereby further establishing as a matter of law that plaintiff's property was not selectively treated in comparison to those two properties (*see Ruston v Town Bd. for the Town of Skaneateles*, 610 F3d 55, 60, *cert denied* ___ US ___, 131 S Ct 824). Plaintiff's proposed office building would be 234,000 square feet on a 25-acre parcel. The neighboring property, while also an office building, was a much smaller building on a 1.5-acre parcel. In addition, the building on that property had already been partially constructed at the time the Town Board, which had forgotten about the moratorium, requested the waiver from the EPA. The other property was a residential subdivision, not a commercial office park (*see id.*).

We reject defendant's contention that the state constitutional claims should be dismissed because defendant is entitled to qualified immunity. " 'A government official is entitled to qualified immunity provided his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known' " (*Linen v County of Rensselaer*, 274 AD2d 911, 914; *see Maio v Kralik*, 70 AD3d 1, 13; *Rigle v County of Onondaga*, 267 AD2d 1088, 1091, *lv denied* 94 NY2d 764). Defendant failed to establish that it was objectively reasonable for the Town Board to believe that its conduct in withdrawing the sewer tap-in waiver request on March 20, 2006 was appropriate (*see generally Linen*, 274 AD2d at 914-915). Instead, the evidence established that the Town Board members acted without knowing the history of the project and acted knowing that only the Planning Board had to take action, i.e., to give site plan approval for the property. Despite the existence of plaintiff's constitutionally protected property interest in the January 2002 tap-in waiver request, the Town Board acted on March 20, 2006 to withdraw that waiver request, which was a violation of plaintiff's constitutional rights. As such, defendant is not entitled to qualified immunity.

We reject defendant's further contention that alleged evidentiary errors require a new trial. The court did not abuse its discretion in excluding evidence of plaintiff's conduct with regard to the property after March 20, 2006 and evidence regarding the availability of non-EPA funded sewers (*see generally Salm v Moses*, 13 NY3d 816, 818). That evidence was not relevant in light of the Town Board's resolution withdrawing the tap-in waiver request, which prohibited plaintiff from obtaining Planning Board approval and the EPA waiver, and terminating the development. We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered: June 19, 2015                          Frances E. Cafarell
                                                Clerk of the Court