Broadway Warehouse Co. v Buffalo Barn Bd., LLC (2021 NY Slip Op 00963)





Broadway Warehouse Co. v Buffalo Barn Bd., LLC


2021 NY Slip Op 00963


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


982 CA 20-00065

[*1]BROADWAY WAREHOUSE CO., PLAINTIFF-APPELLANT,
v
BUFFALO BARN BOARD, LLC, DEFENDANT-RESPONDENT. 






ROACH, LENNON & BROWN, PLLC, BUFFALO (J. MICHAEL LENNON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered November 20, 2019. The order granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.
Memorandum: In 2012, plaintiff commenced an action against defendant, among others (2012 action), alleging the breach of a lease agreement between plaintiff and defendant and defendant's improper conveyance of certain personal property in which plaintiff held a security interest pursuant to the lease (secured property). Two months after the 2012 action was dismissed, plaintiff commenced this action asserting causes of action for breach of the lease agreement and fraudulent conveyance of the secured property. Defendant moved to dismiss the instant complaint pursuant to CPLR 3211 (a) (5), contending that the causes of action were time-barred and that the tolling provisions of CPLR 205 (a) did not apply. Supreme Court granted the motion, and we now reverse.
We agree with plaintiff that the tolling provisions of CPLR 205 (a) apply inasmuch as the 2012 action was not dismissed for neglect to prosecute. CPLR 205 (a) provides, in relevant part, that "[i]f an action is timely commenced and is terminated in any other manner than by . . . a dismissal of the complaint for neglect to prosecute the action . . . , the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination," even though the new action would otherwise be barred by the statute of limitations. "Where a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (id. [emphasis added]).
Here, it is undisputed that the 2012 action was timely commenced and that the instant action was commenced within six months of the termination of the 2012 action. Further, this action is based upon the same transactions and occurrences underlying the 2012 action, i.e., it is based upon "the same operative facts" (Acquest Wehrle, LLC v Town of Amherst, 129 AD3d 1644, 1646 [4th Dept 2015], appeal dismissed 26 NY3d 1020 [2015]). Thus, the appeal turns on whether the 2012 action was terminated for neglect to prosecute. In the decision attached to the court's order dismissing the 2012 action, the court noted that defendant had failed to answer the initial complaint, the amended complaint or the second amended complaint and that plaintiff had failed to move for a default judgment within one year as required by CPLR 3215 (c). The court noted no other delays by plaintiff before dismissing the second amended complaint against defendant "as abandoned."
The Court of Appeals has written that "the 'neglect to prosecute' exception in CPLR 205 (a) applies not only where the dismissal of the prior action is for '[w]ant of prosecution' pursuant to CPLR 3216, but whenever neglect to prosecute is in fact the basis for dismissal" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 520 [2005]). A dismissal of a complaint on grounds other than CPLR 3216 could therefore be deemed a dismissal for neglect to prosecute in certain circumstances (see Marrero v Crystal Nails, 114 AD3d 101, 109-110 [2d Dept 2013]). The overall determination is based on whether the court, in the initial action, "adequately set forth the conduct of the plaintiff that constituted the neglect and demonstrated a general pattern of delay in proceeding" (Webb v Greater N.Y. Auto. Dealers Assn., Inc., 123 AD3d 1111, 1112 [2d Dept 2014] [emphasis added]; see CPLR 205 [a]).
Here, the court did not outline a general pattern of delay by plaintiff in its order dismissing the 2012 complaint or in the attached decision (see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1170-1171 [3d Dept 2019]; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198-199 [2d Dept 2017], appeal dismissed 29 NY3d 1023 [2017]; cf. Webb, 123 AD3d at 1112; Zulic v Persich, 106 AD3d 904, 905 [2d Dept 2013], lv denied 22 NY3d 860 [2014]). "It was not until months after the court directed that the 201[2] action be dismissed that the court, for the purpose of justifying the dismissal of the complaint in this action, stated that . . . plaintiff's neglect of prosecution of the 201[2] action was the basis for the dismissal of the 201[2] action" (Sokoloff v Schor, 176 AD3d 120, 131 [2d Dept 2019]). We thus reject the court's attempt to recast the earlier dismissal as a dismissal for neglect to prosecute where the order dismissing the first action and the attached decision did not describe a general pattern of delay by plaintiff (see id. at 133), and we conclude that both of the instant causes of action are timely under
CPLR 205 (a) (see Mulford v Fitzpatrick, 68 AD3d 634, 635 [1st Dept 2009]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court