U.S. Bank N.A. v Farrell (2021 NY Slip Op 07415)





U.S. Bank N.A. v Farrell


2021 NY Slip Op 07415


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1011 CA 21-00581

[*1]U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT, PLAINTIFF-APPELLANT,
v
MATTHEW R. FARRELL, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 






KNUCKLES, KOMOSINSKI & MANFRO, LLP, ELMSFORD (MAX T. SAGLIMBENI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WESTERN NEW YORK LAW CENTER, BUFFALO (PAMELA S. LANICH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered April 7, 2021. The order, insofar as appealed from, granted in part the motion of defendant Matthew R. Farrell and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In 2009, plaintiff's predecessor in interest commenced a residential foreclosure action against defendant-respondent (defendant), among others (2009 action). That action remained dormant until 2018, when plaintiff moved for a default judgment and an order of reference, and defendant cross-moved to dismiss the complaint on grounds including failure to enter default within one year (see CPLR 3215 [c]). In an order entered April 1, 2019, Supreme Court (Colaiacovo, J.) granted defendant's cross motion and dismissed the complaint in the 2009 action. Plaintiff then commenced this foreclosure action against defendant, among others, on September 18, 2019 (2019 action), and served defendant on October 5, 2019. Defendant answered and moved for an order dismissing the complaint as barred by the six-year statute of limitations (see CPLR 213 [4]), as well as judgment on certain counterclaims that were asserted in his answer. Supreme Court (Feroleto, J.) granted the motion in part and dismissed the complaint. We affirm.
Even assuming, arguendo, that the savings provisions of CPLR 205 (a) apply inasmuch as the 2009 action was not dismissed for neglect to prosecute (see Broadway Warehouse Co. v Buffalo Barn Bd., LLC, 191 AD3d 1464, 1464-1465 [4th Dept 2021]; see generally CPLR 3216), we conclude that the court properly granted the motion and dismissed the 2019 action as time-barred. Insofar as is relevant here, following the termination of the 2009 action, plaintiff was entitled to "commence a new action upon the same transaction or occurrence . . . within six months after the termination[,] provided . . . that service upon defendant [was] effected within such six-month period" (CPLR 205 [a]; see Broadway Warehouse Co., 191 AD3d at 1465). Generally, the six-month period starts running on the date of entry of the order dismissing the prior action (see U.S. Bank N.A. v Navarro, 188 AD3d 1282, 1283 [2d Dept 2020]; Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608 [2d Dept 2014]), not when the order is served with notice of entry (see Burns v Pace Univ., 25 AD3d 334, 335 [1st Dept 2006], lv denied 7 NY3d 705 [2006]).
Here, the order dismissing the 2009 action was entered on April 1, 2019, yet service upon defendant was not effected until over six months later on October 5, 2019. Although plaintiff [*2]does not dispute either of those facts, it nevertheless contends that termination of the 2009 action did not occur on the date of entry, but upon expiration of its right to file a notice of appeal from the order dismissing that action. We reject that contention. Although plaintiff is correct that, if an aggrieved plaintiff takes an appeal from an order dismissing a prior action, the " 'termination' of the prior action occurs when appeals as of right are exhausted" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519 [2005]), "this applies only where an appeal was available and was in fact taken" (Siegel & Connors, NY Prac § 52 [6th ed 2018]) and, here, no appeal was taken from the order dismissing the 2009 action (cf. Andrea, 5 NY3d at 519).
Finally, defendant's contention that he is entitled to judgment on his counterclaims is not properly before us inasmuch as defendant did not file a notice of appeal from the order on appeal (see CPLR 5513 [a]; Matter of HSBC Bank USA, NA [Makowski], 72 AD3d 1515, 1516-1517 [4th Dept 2010]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court