Deutsche Bank Natl. Trust Co. v Velasquez (2025 NY Slip Op 25002)

[*1]

Deutsche Bank Natl. Trust Co. v Velasquez

2025 NY Slip Op 25002

Decided on January 2, 2025

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 2, 2025
Supreme Court, Suffolk County

Deutsche Bank National Trust Company, 
 AS TRUSTEE FOR GSAMP TRUST 2005-WMC3, Plaintiff,

against
David Velasquez a/k/a DAVID A. VELASQUEZ, NADINE VELASQUEZ, 
 CLERK OF THE SUFFOLK COUNTY DISTRICT COURT, AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC D/B/A ABC SUPPLY CO., "JOHN DOE#1" through "JOHN DOE #12," the last twelve names being fictious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporation, if any, having or claiming an interest in or lien upon the premises, described in the complaint, Defendants.

Index No. 623498/2023

Plaintiff's Attorney
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, New York 11590
Defendants' Attorney
Petroff Amshen LLP
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230

C. Stephen Hackeling, J.

Plaintiff, Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC3, moves in this residential foreclosure action for an order granting summary judgment and appointing a referee (NYSCEF Doc. Nos. 28-49). Defendant, Nadine Velasquez, opposes plaintiff's motion and cross moves for an order granting summary judgment and dismissing plaintiff's complaint (NYSCEF Doc. Nos. 52-66). Plaintiff opposed defendant's cross-motion (NYSCEF Doc. Nos. 71-76) and defendant replied (NYSCEF Doc Nos. 77-79); and after due deliberation, it is
ORDERED that plaintiff's motion (sequence no. 001) seeking summary judgment and [*2]appointing referee to compute is denied; and it is further
ORDERED that defendant's cross motion (sequence no. 002) for an order dismissing plaintiff's complaint is granted.
 Undisputed Facts
In September 2005, defendants David and Nadine Velasquez executed a note in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC Mortgage Corp., promising to repay a $386,750.00 loan. The note was secured by a mortgage on real property located at 5 Meadow Court, Manorville, New York 11949. In June 2010, defendants executed a Loan Modification Agreement, modifying the subject loan with a new principal balance of $392,061.55. The subject mortgage was ultimately assigned by written agreement to plaintiff Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC3 by an assignment of mortgage executed on October 22, 2014. Prior thereto, in September 2012, defendants failed to tender the payments due under the Loan Modification Agreement and as a result, plaintiff commenced a foreclosure action on January 29, 2016 which action was later dismissed (J. Pastoressa, J.S.C.) for plaintiff's failure to comply with the notices required under RPAPL § 1304 (NYSCEF Doc No. 55). The order dismissing the case was entered in the Suffolk County Clerk's office on April 13, 2023. This action was commenced on September 20, 2023.

 Plaintiff's Action was Timely Commenced
The parties agree that the statute of limitations runs when a loan is accelerated. In this case, plaintiff accelerated the mortgage on January 29, 2016 with the commencement of a foreclosure action filed under index number 601310/2016. The six-year statute of limitations expired six years later on January 29, 2021. Plaintiff correctly asserts that it is entitled to add 228 days to the January 29, 2021 deadline by virtue of COVID tolling extending the deadline to September 14, 2021. Inasmuch as this action was commenced on September 20, 2023, the COVID toll does not insulate this case from dismissal as time barred. Plaintiff argues that it is entitled to the "savings provision" under CPLR 205-a.
The Foreclosure Abuse Prevention Act replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]; U.S. Bank N.A. v. Onuoha, 216 AD3d 1069, 190 N.Y.S.3d 108 (2d Dept. 2023)). "Under CPLR 205-a, '[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than ... a dismissal of the complaint for any form of neglect, including, but not limited to those specified in ... [CPLR 3215] ..., the original plaintiff, . . . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period.' " (U.S. Bank N.A. v. Onuoha, 216 AD3d at 1072, 190 N.Y.S.3d 108). See also Wells Fargo Bank, National Association v. Cafasso, 223 AD3d 695, 697 (2d Dept. 2024).
"Tracing its roots to seventeenth century England, the remedial concept embodied in CPLR 205(a) has existed in New York law since at least 1788." (Malay v. City of Syracuse, 25 NY3d 323 [2015]); See Reliance Ins. Co. v. PolyVision Corp., 9 NY3d 52, 56 [2007]). CPLR 205 and its predecessors were "designed to insure to the diligent suitor the right to a hearing in [*3]court till he reaches a judgment on the merits" (Gaines v. City of New York, 215 NY 533, 539 [1915]). The statute can "remedy what might otherwise be the harsh consequence of applying a limitations period where the defending party has had timely notice of the action." (Matter of Goldstein v. New York State Urban Dev. Corp., 13 NY3d 511, 521 [2009]). The statute's "broad and liberal purpose is not to be frittered away by any narrow construction." Gaines, 215 NY at 539 (1915).
Important in determining whether the savings provision applies in this case requires this Court to determine when the prior foreclosure action terminated. The New York appellate departments are split on when a prior action terminates. The First and Fourth Departments interpretate termination to mean that an appeal as of right must be filed to extend the termination of the action for CPLR 205 purposes. If the losing party does not file an appeal, then the running of the savings period begins when the dismissal order is entered. U.S. Bank Nat'l Ass'n v. Farrell, 200 AD3d 1707 [4th Dept. 2021].
The Second and Third Departments however interpret termination differently. The Courts in the Second and Third Departments define termination as the earliest of 30 days after the notice of entry even if no appeal is taken. Wells Fargo Bank, N.A v. Portu, 179 AD3d 1204 (3d Dept. 2020). Even if no appeal is ever taken, the action will formally terminate 30 days after entry of the dismissal order. U.S. Bank N.A. v. Corcuera, 217 AD3d 896 (2d Dept. 2023).
When employing a liberal interpretation of CPLR 205-a and applying Second Department precedent, plaintiff was required to serve defendant within 30 days after the notice of entry plus six months — or November 13, 2023. Here, defendant concedes service was completed October 14, 2023, well within the deadline, as extended, by CPLR 205-a. As such, the instant action was timely commenced, and defendant's statute of limitations defense is dismissed.

RPAPL 1306 Notice
Defendant also contends that plaintiff failed to comply with RPAPL 1306 and thus the action should be dismissed. RPAPL 1306 provides that as a "condition precedent" to commencing a foreclosure action,
"[e]ach lender, assignee or mortgage loan servicer" file with the superintendent of financial services "within three business days of the mailing of the [1304 notice] ... the information required by subdivision two" RPAPL 1306(a). Subdivision two directs, in relevant part, that "[e]ach filing ... shall be on such form as the superintendent shall prescribe and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage...." RPAPL § 1306[2].
In this case, defendant neither disputes that plaintiff submitted the electronic filing nor that it was made within three days of the purported date of the mailing of the 90—day notices. Rather, defendant contends that plaintiff's failure to include the borrower's last known telephone number is fatal and must result in dismissal.
When a court construes a statute "our primary consideration is to ascertain and give effect to the intention of the [l]egislature" (Samiento v. World Yacht Inc., 10 NY3d 70, 77—78, 854 N.Y.S.2d 83 (2008), quoting Matter of DaimlerChrysler Corp. v. Spitzer, 7 NY3d 653, 660, 827 N.Y.S.2d 88 (2006)). Because "the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself" (Majewski v. Broadalbin—Perth Cent. School Dist., 91 NY2d 577, 583, 673 N.Y.S.2d 966 [*4](1998)), with due consideration given to the statutory purpose and history, including the objectives the legislature sought to achieve through its enactment. CIT Bank N.A. v. Schiffman, 36 NY3d 550, 559, 145 N.Y.S.3d 1 (2021). 
Whether the § 1306 statutory requirement of listing the borrower's last known phone number is fatal to establishing its self-described "necessary precondition" to foreclosure, is a matter of statutory interpretation. Plaintiff argues that deviations from statutory requirements can be overlooked in the furtherance of both equity and CPLR § 2001,[FN1]
if a substantial right of a party is not prejudiced, citing to The Bank of New York Mellon v. Dougherty, 63 Misc 3d 216 (Sup. Ct. Suf. Co. 2019). Unfortunately for plaintiff this concept is limited to clerical errors and matters involving pleadings. See generally Tagliaferri v. Weiler, 1 NY3d 605, 775 N.Y.S.2d 753 (2004); US Bank Nat. Assoc. v. Eaddy, 109 AD3d 908, 971 N.Y.S.2d 336 (2d Dept. 2013); Avalon Gardens Rehab, et al v. Morsello et al, 97 AD3d 611, 948 N.Y.S. 377 (2d Dept. 2012).
On its face the issue of listing a phone number appears de minimus. However, the statute clearly states that to satisfy the expressly declared minimum requirement, the lender "shall include at a minimum, the name, address, last known telephone number of the borrower." RPAPL 1306. Here, plaintiff admits it failed to do so.
Neither the parties nor the Court has found a Second Department case that specifically addresses a lender's failure to provide the last known telephone number on the 1306 filing. However, the U.S. District Court in Windward Bora LLC v. Durkovic, 2022 WL 16230872 (E.D.NY 2022) addressed the issue and disallowed plaintiff's foreclosure judgment given the absence of the mandatory information regarding the borrowers' telephone numbers in the Proof of Filing Statement.
While not addressing the phone number issue, the Second Department in its U.S. Bank National Association v. Adams, 202 AD3d 867, 162 N.Y.S.3d 457 (2d Dept. 2022) decision also provides guidance in this regard. In U.S. Bank v. Adams, the lender included in the 1306 filing that the loan was a fixed rate note and in first lien position but did not indicate that the loan had been modified. The borrower argued that the case must be dismissed because the lender failed to comply with 1306. The Court in U.S. Bank v. Adams disagreed and held that whether a borrower attempted to modify the loan prior to commencement of the foreclosure action did not affect the risk of foreclosure. It reasoned that the "need for foreclosure prevention or counseling services remains the same" even though the lender did not list that the loan had previously been modified. See U.S. Bank v. Adams, 202 AD3d at 871.
Here plaintiff's failure to include the telephone number could possibly impact the State's ability to assist the borrower to prevent foreclosure or to provide counseling services which is the purported statutory purpose for enacting RPAPL 1306. RPAPL § 1306(2) specifically requires the filing of information that "will enable the superintendent to ascertain the type of loan at issue and that the data collected shall be used to 'perform an analysis of loan types (id. [*5]1306[4]) and to direct appropriate services to borrowers in need.'" U.S. Bank v. Adams, 202 AD3d at 870. 
As a court of equity, the undersigned may overlook minimal mistakes if there is no overwhelming prejudice to a party. See generally, Bank of America, N.A. v. Kessler, 39 NY3d 317, 186 N.Y.S.3d 85 (2023), wherein the Court of Appeals rejected a bright line strict interpretation of statutory language involving RPAPL § 1304 notice. However, "if the condition sought to be disregarded is a mandatory condition precedent, plaintiff's failure to comply cannot be disregarded." See U.S. Bank Trust, N.A. v. Chiramannil, 205 AD3d 966, 166 N.Y.S.3d 590 (2d Dept. 2022). Plaintiff's failure in this case is not a typographical pleading error; it is a specifically listed requirement that must be included to satisfy the minimum statutory requirement.
Because the statutory text permits the agency to share information contained on the filing with certain housing counseling agencies that coordinate help for distressed borrowers, and the Department of Financial Services may use the information to facilitate a review of whether the borrower might benefit from counseling or other foreclosure prevention services, including a borrower's last known telephone number is critical to facilitate the statutory purpose of RPAPL 1306. 
Defendant has shown that plaintiff has not complied with the strict requirements of RPAPL § 1306, and these flaws cannot be ignored. Plaintiff's complaint is dismissed without prejudice. 
Dated: January 2, 2025
HON. C. STEPHEN HACKELING, J.S.C.

Footnotes

Footnote 1:CPLR 2001, entitled Mistakes, omissions, defects and irregularities provides: "At any stage of an action, including the filing of a summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, . . . "